Ruben H. JOHNSON, Plaintiff-Appellee,

v.

James Matthew RADFORD, II, et al.,
Defendants-Appellants.

No. 71–1873
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 29, 1971.

Rehearing Denied Nov. 1, 1971.

Marvin S. Sprain, Abilene, Tex., W. R. Barnes, Royal E. Caswell, Jr., Odessa, Tex., Leroy LaSalle, K. Baker, Carthage, Tex., J. R. Black, Abilene, Tex., Beverly Tarpley, McMahon, Smart, Sprain, Wilson & Camp, Abilene, Tex., Scarborough, Black, Tarpley & Scarborough, Abilene, Tex., attorneys for appellants.

Donald S. Thomas, Barry Bishop, Jay H. Brown, Clark, Thomas, Denius, Harris & Winters, Brown, Erwin, Maroney & Barber, Austin, Tex., attorneys for appellee.

* [1] Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

This is an appeal from the granting of a temporary injunction against appellants, enjoining them from asserting in any suit or action in any court various matters which we describe below. The District Court based its action on the third exception to 28 U.S.C. § 2283, "to protect or effectuate its judgments." See also Jacksonville Blow Pipe Co. v. R. F. C., 244 F.2d 394 (5th Cir. 1957); Woods Exploration & Producing Co. v. Aluminum Co. of America, 438 F.2d 1286 (5th Cir. 1971).

In 1968, by suit in the same federal court which granted the present injunction, before the same district judge, James O. Radford ("Radford"), who was the grantor in 1963 of an option contract to Ruben Johnson, attacked the validity of the option on numerous grounds including fraud and misrepresentation by Johnson, and sought return of other property from Johnson and an accounting. Radford's mental competency at the time of the option and the time of the suit was made an issue. The District Court dismissed the case with prejudice because of Radford's failure to prosecute and to comply with discovery orders. Before entering the judgment of dismissal the court took testimony from psychiatrists and from Radford himself, and entered a finding that Radford was, and at all times material to the suit had been, fully competent to manage his own affairs.

In 1970, after Radford had died, one of his sons, James Matthew Radford, joined by a second son, John Banton Radford, filed suit against Johnson in the 42d District Court of Taylor County, Texas. While there are other aspects to that suit, the main thrust of it is an attack on the validity of the option agreement which had been the subject matter of the prior federal suit and on grounds including those asserted in the prior federal case.

▬▬ Johnson then sought and obtained in the federal court the preliminary injunction against the two sons which is the subject of this appeal. Our standard of review is whether the District Judge abused his discretion in determining the relitigation issue and in deciding the propriety of an injunction. Southern Calif. Petrol. Corp. v. Harper, 273 F.2d 715 (5th Cir. 1960); 3 Barron & Holtzoff (Wright ed.) Federal Practice & Procedure 509–510. There was no abuse. Clearly the District Judge properly could temporarily enjoin the assertion in the 42d District Court that Radford was incompetent to manage his own affairs at least during a period commencing with the execution of the option and extending to the date of the federal judgment, and assertions that Johnson had made false representations or employed duress or undue influence on Radford to procure the option, that the option was invalid for any other reason, and that Johnson had appropriated property of Radford. These appeared to be within the range of the issues that had been determined by the federal case.

The appellants say that if the injunction is proper to any extent it is too broad because it proscribes their asserting Radford's incompetency in other actions pending in the state courts of Taylor County, and in courts of the state of California, in which there have been offered for probate various wills and codicils of Radford, executed in 1964, 1968 and 1969, some of which are contested on grounds of Radford's lack of capacity, and that lack of testamentary capacity neither was nor could be determined in the federal case. Also they say that the injunction makes impossible their proceeding with the other matters asserted in the 42d District Court case, including pursuit of discovery.[1]

1. The appellee concedes that there are issues in the 42nd District Court case which are outside those which the injunction forbids appellants to assert. Appellants seem to contend that they cannot effectively seek discovery on these other is-

A temporary injunction is intended to be temporary, to meet the exigencies of the situation, and necessarily at times lacks the degree of precision which may be required on final decree. We cannot say that the District Court abused its discretion by making the temporary prohibition a broad one. The pending suits other than the one primarily described and pending in the 42d District Court are at this point not even clearly outlined. The parties are in complete disagreement over whether the federal judgment is res judicata of Radford's testamentary capacity. The claims of undue breadth can be presented to the federal court at final hearing on the merits of the prayer for injunction, at which time that court, if it grants a permanent injunction, can consider whether it should define more sharply the boundaries thereof.

Affirmed.

sues because their inquiries necessarily will overlap what they are proscribed from asserting and will expose them to the risk of contempt of the federal court. Appellee alleges in his petition for injunction that he has brought the federal judgment to the attention of the Texas court in an effort to hold up discovery until issues of res judicata can be determined, but without success.