**HILLSBORO NEWS COMPANY, a Florida Corporation, Putt-Hut, Inc., a Florida Corporation d/b/a Little Professor Book Center; and Charles Putt, Plaintiffs-Appellees,**

v.

**CITY OF TAMPA, a Florida Municipal Corporation, William Poe, Individually and as Mayor of the City of Tampa, Charles Otero, Individually and as Chief of Police of the City of Tampa, Defendants-Appellants.**

No. 75–2315.

United States Court of Appeals,
Fifth Circuit.

Jan. 3, 1977.

Henry E. Williams, Jr., City Atty., Matias Blanco, Jr., Jack W. Crooks, Asst. City Attys., Tampa, Fla., for defendants-appellants.

Harold W. Mullis, Jr., Wayne Lee Thomas, Tampa, Fla., for plaintiffs-appellees.

Before MORGAN and GEE, Circuit Judges, and HUNTER, District Judge.

PER CURIAM:

This appeal is not from a final judgment, 28 U.S.C. § 1291, but rather is from an order of the United States District Court, granting a preliminary injunction, 28 U.S.C. § 1292(a)(1). The issue quickly narrows: Did the trial court abuse its discretion in granting the injunction directed solely against the making of further arrests or ordering of books, magazines, or other printed material from display under the provisions of City of Tampa Ordinance No. 6115–A?

Preliminary injunctive relief is appropriate when the proponent of such relief has met the high threshold burden of proving, "(1) a substantial likelihood that [he] will prevail on the merits, (2) a substantial threat that [he] will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to [him] outweighs the threatened harm the injunction may do to the defendant, and (4) that granting the preliminary injunction will not disserve the public interest." *Canal Authority v. Callaway,* 489 F.2d 567, 572 (5th Cir. 1974); *Louisiana Environmental Society, Inc. v. Coleman,* 524 F.2d 930 (5th Cir. 1975).

The district court here [1] gave careful consideration to each factor and in our opinion disposed of the motion in the manner it should have been disposed of. The record completely supports his analysis and ruling.[2] Accordingly, we AFFIRM.

---

1. A full evidentiary hearing was held on April 4, 1975. A formal written opinion was entered on April 8, 1975.

2. For emphasis, we expressly reiterate that the constitutionality *vel non* of the ordinance was not decided by the trial court. We disclaim any intent to indicate or intimate what the final result will be.