David R. RUIZ et al.,
Plaintiffs-Appellees,

United States of America,
Plaintiff-Intervenor-Appellee,

v.

W. J. ESTELLE, Jr., Director, et al.,
Defendants-Appellants.

No. 76–1948.

United States Court of Appeals,
Fifth Circuit.

April 7, 1977.

John L. Hill, Atty. Gen., Bert W. Pluy-men, Edward Idar, Jr., Asst. Attys. Gen., David M. Kendall, Jr., First Asst. Atty. Gen., Joe B. Dibrell, Jr., Asst. Atty. Gen., Austin, Tex., Harry Walsh, Enforcement Div., Asst. Atty. Gen., Huntsville, Tex., for defendants-appellants.

William Bennett Turner, San Francisco, Cal., for plaintiffs-appellees.

John C. Hoyle, J. Stanley Pottinger, Asst. Atty. Gen., Walter W. Barnett, Atty., Dept. of Justice, Civil Rights Div., Appellate Section, Washington, D. C., Roby Hadden, U. S. Atty., Tyler, Tex., for the U. S.

Before TUTTLE, GOLDBERG and CLARK, Circuit Judges.

PER CURIAM:

The director of the Texas Department of Corrections appeals here from two parts of a twenty-part preliminary injunctive order issued by the district court on December 30, 1975. That order, which applies only to certain of the named plaintiffs in this state prisoners' civil rights class action, was issued as a result of allegations by these plaintiffs of violations of the provisions of two earlier protective orders issued by the district court. The order was issued after the conduct of an evidentiary hearing and is based upon facts established at that hearing. The Texas Department of Corrections does not dispute the facts as found by the district court. We find that those facts are supported by the record.

On appeal, the Texas Department of Corrections asks this Court to vacate paragraphs 17(e) and (f) and 19. These parts of the order apply to the appearance of counsel substitute at disciplinary hearings which involve these plaintiffs and to the provision for adequate food to prevent weight loss while these plaintiffs are in solitary confinement. Appellants contend that by this order the district court has arbitrarily and irrationally created a special class of privileged inmates.

A review of the record reveals that as a result of their instigation of and participation in this litigation, these named plaintiffs have indeed been treated as a special class of inmates by the officers and officials of the Texas Department of Corrections. The record discloses that in response to their participation in this litigation, these inmates have been subjected during its pendency to threats, intimidation, coercion, punishment, and discrimination, all in the face of protective orders to the contrary by the district court and our long-standing rule that the right of a prisoner to have access to the courts to complain of conditions of his confinement shall not be abridged. *See Andrade v. Hauck*, 452 F.2d 1071 (5th Cir. 1971).

The grant or denial of a preliminary injunctive order lies within the discretion of the district court, reviewable in this court only for abuse. *In re Fontainebleau Hotel Corp.*, 508 F.2d 1056, 1060 (5th Cir. 1975) (quoting various formulations of the "abuse of discretion" standard). *See also, Morgan v. Fletcher*, 518 F.2d 236, 239 (5th Cir. 1975); *Texas v. Seatrain International, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975); *Hawkins v. Coleman*, 475 F.2d 1278, 1279 (5th Cir. 1973); *Johnson v. Radford*, 449 F.2d 115, 116 (5th Cir. 1971). We find that the district court did not abuse its discretion when it issued its protective order of December 30, 1975, granting further preliminary injunctive relief to the named plaintiffs. We find such order supported by the facts as found in the record and necessary for the protection of these inmates during the pendency of this litigation.

The district court's order of December 30, 1975 is AFFIRMED.