**LOUISIANA CONSUMER'S LEAGUE, INC., et al., Plaintiffs-Appellants,**

v.

**LOUISIANA STATE BOARD OF OPTOMETRY EXAMINERS, consisting of President, G. Anthony Lemoine, et al., Defendants-Appellees.**

**No. 76–4471.**

United States Court of Appeals, Fifth Circuit.

Aug. 12, 1977.

---

**474**

David A. Marcello, La. Center for the Public Interest, Philip S. Derfler, Robert M. Hearin, Jr., New Orleans, La., for plaintiffs-appellants.

William J. Wegmann, Sr., William J. Wegmann, Jr., Felicien P. Lozes, New Orleans, La., for defendants-appellees.

Before GOLDBERG and FAY, Circuit Judges, and DUMBAULD,* District Judge.

PER CURIAM:

By this action plaintiffs seek to enjoin the enforcement of La.Rev.Stat.Ann. §§ 37:1063(9), 37:1065 (West 1974), insofar as those statutes prohibit the price advertising of prescription eyeglasses, lenses, or the frames or fittings thereof. Plaintiffs contended below that this prohibition operates in derogation of their first amendment right to receive information, as delineated in *Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 96 S.Ct. 1817, 48 L.Ed.2d 346, (1976). Following an evidentiary hearing, the district court denied plaintiffs' request for a preliminary injunction. Pursuant to 28 U.S.C. § 1292(a)(1), they have appealed that decision.

■ To be entitled to a preliminary injunction, a movant must establish the following four prerequisites: (1) a substantial likelihood that the movant will eventually prevail on the merits; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opponent; and (4) that the injunction would not be adverse to the public interest. *See State of Texas v. Seatrain International, S.A.*, 518 F.2d 175 (5th Cir. 1975). This court's review of the district judge's determination whether a movant has carried this burden is limited in scope:

The grant or denial of a preliminary injunctive order lies within the discretion of the district court, reviewable in this court only for abuse. *In re Fontainebleau Hotel Corp.*, 508 F.2d 1056, 1060 (5th Cir. 1975) (quoting various formulations of the "abuse of discretion" standard). *See also, Morgan v. Fletcher*, 518 F.2d 236, 239 (5th Cir. 1975); *Texas v. Seatrain International, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975); *Hawkins v. Coleman*, 475 F.2d 1278, 1279 (5th Cir. 1973); *Johnson v. Radford*, 449 F.2d 115, 116 (5th Cir. 1971).

*Ruiz v. Estelle*, 550 F.2d 238, 239 (5th Cir. 1977).

■ In the case at bar the trial judge denied preliminary relief upon his conclusion that plaintiffs had failed to demonstrate both sufficient likelihood of success on the merits and irreparable injury. The limited scope of appellate review notwithstanding, a most recent pronouncement from the Supreme Court makes plain that the district court's conclusion, however reasonable at the time, rests on legal propositions that can no longer be maintained. Under *Bates v. State Bar of Arizona*, —— U.S. ——, 97 S.Ct. 2691, 53 L.Ed.2d 810

* District Judge of the Western District of Pennsylvania sitting by designation.

(1977), the showing made by plaintiffs at the preliminary injunction hearing, unless rebutted by defendants, must now be seen as sufficient to compel a grant of the requested relief. The district court's denial of relief at the conclusion of plaintiff's presentation precluded defendants from offering any contrary evidence. Accordingly, the denial of a preliminary injunction must be vacated and the case remanded to provide defendants the opportunity to make an evidentiary presentation or, alternatively, for entry of an appropriate injunction.

*Virginia Citizens Consumer Council, Inc.,* *supra,* held that the first amendment protected truthful price advertising in connection with the sale of prescription drugs. In finding an inadequate demonstration of likely success on the merits in the case at bar, the district court relied on the Supreme Court's caveat that it had spoken only with regard to the pharmaceutical profession and had left open to further consideration the significance of varying characteristics of other professions. *See* 96 S.Ct. at 1831 n.25.

*Bates, supra,* makes untenable the restrictive interpretation of *Virginia Citizens Consumer Council, Inc.* relied on below. In *Bates* the Supreme Court held that governments may not consistent with the first amendment prohibit lawyers from truthfully advertising the prices of "routine legal services." *See* —— U.S. at ——, 97 S.Ct. 2691. The court included within "routine legal services" such matters as uncontested divorces and adoptions, simple personal bankruptcies, and changes of name. *See id.* at ——, —— – ——, 97 S.Ct. 2691. The court determined that price advertising of such services served important individual and social interests. *See id.* at ——, 97 S.Ct. 2691. It rejected numerous purported justifications of the ban on such advertising, including claims that the prohibition is necessary to the spirit of professionalism, that such advertising is inevitably misleading due to an inherent lack of standardization in legal services, that the ban eliminates an incentive to cut the quality of

services, and that the difficulties of enforcing narrower regulations require a total ban. Moreover, the court rejected, as irrelevant to the first amendment, claims relating to the economic consequences of lifting the ban. *See id.* at ——, ——, ——, ——, 97 S.Ct. 2691.

The only services at issue before this court are those involved in filling a prescription for eyeglasses. The as yet unchallenged expert testimony describes that process as one of mechanical tasks and choices no less routine than the judgment required in processing an uncontested divorce or a simple personal bankruptcy.

Under *Bates,* plaintiffs need only demonstrate that, like these legal services, the filling of a prescription for eyeglasses is not "so unique that fixed rates cannot meaningfully be established" at ——, 97 S.Ct. at 2703. Plaintiffs' initial showing constituted such a demonstration. Unless evidence presented by defendants supports a conclusion that plaintiffs have failed to carry their burden of persuasion in this regard, the instant case is the very rare one in which the plaintiffs have established to a certainty the likelihood of success on the merits.

That plaintiffs have sufficiently shown irreparable injury is also now apparent. On their unrebutted evidence, plaintiffs have demonstrated that, absent the challenged statutes, they would presently be receiving constitutionally protected price information on a subject bearing a significant relationship to their health. Denial of a preliminary injunction in this case cannot be predicated on any purported lack of irreparable injury.

In short, viewing the record of the preliminary injunction hearing in light of *Bates,* we must conclude that this is the rare case in which a district court has no choice but to grant relief. At that hearing, however, the defendants had no opportunity to present evidence on their own behalf. However difficult it may be to demonstrate that plaintiffs are not entitled to a prelimi-

nary injunction under *Bates*, defendants are entitled to the opportunity to try. Defendants may attempt to discredit plaintiffs' description of the process of filling eyeglasses prescriptions. We note that unless that attempt enables the district court to conclude, which it now cannot, that plaintiffs have failed to establish that the services in question are no less routine than such legal services as processing an uncontested divorce or a simple personal bankruptcy, the certainty of plaintiffs' ultimate success on the merits will remain absolute. As long as the outcome continues to be thus clear, terminating the litigation should require little time or difficulty, and any claim by defendants of harm during the pendency of the litigation must be viewed accordingly. We have no cause to comment on the proper course should the district court conclude that filling an individual prescription for eyeglasses is a process "so unique that fixed rates cannot meaningfully be established." *Bates*, at ——, 97 S.Ct. at 2703. We note only that the present record is directly to the contrary.

Accordingly, the order denying a preliminary injunction is VACATED and the case REMANDED for further proceedings consistent with this opinion.