**COMPACT VAN EQUIPMENT CO., INC., Plaintiff-Appellant,**

v.

**LEGGETT & PLATT, INC., Defendant-Appellee,**

v.

**Wade H. BARRINEAU, III, Added Defendant on Counterclaim-Appellant.**

**No. 77–2006.**

United States Court of Appeals, Fifth Circuit.

Jan. 27, 1978.

Sidney L. Nation, Conyers, Ga., for Wade H. Barrineau.

Robert A. White, Floyd R. Nation, Houston, Tex., for Compact Van Equipment Co., Inc.

Dow N. Kirkpatrick, III, Atlanta, Ga., William G. Konold, Cincinnati, Ohio, for defendant-appellee.

Before JONES, GODBOLD and GEE, Circuit Judges.

GEE, Circuit Judge:

Appellants Compact Van Equipment Co., Inc. and Wade Barrineau contest the propriety of a preliminary injunction issued in the context of a patent dispute and unfair competition claim.

The appellee, Leggett & Platt, Inc. (L&P), is a manufacturer and seller of interior shelf arrangements for commercial vans such as telephone repair trucks. For some nine years before 1975, Wade Barrineau was employed first by the predecessor to L&P, and then by L&P itself. As a part of his employment contract, Barrineau agreed to disclose to his employer all inventions he designed during his employ, to assign to his employer any patents he received on such inventions, and to divulge no trade secrets or other confidential information to others. During his employment with L&P Barrineau did in fact make several inventions relating to van interior shelves and their support devices. One was a "ladder rack"; the 1973 patent on this was ultimately assigned to L&P. Another was a shelf design to be used with the interior posts L&P already was marketing. L&P tested this invention (Shelf 1) after Barrineau suggested it in late 1974 but never sought to patent or market it. In May 1975 Barrineau left L&P and immediately formed his own company, Compact Van Equipment Co., Inc., which competed with L&P in the van interior business. In October 1975 Compact Van began to market a new post and shelf arrangement of Barrineau's (Shelf 2), and the next month Barrineau sought a patent to cover the new invention. His patent application contained ten claims; these were later cancelled, and Claims 11–20 were substituted for them. The patent office indicated that these Claims 11–20 would be allowable. However, they arguably covered both Shelf 1 and Shelf 2 designs, and Barrineau cancelled them and substituted the narrower Claims 11–16, covering only Shelf 2.

In early 1976 L&P began to charge that Compact Van was infringing L&P's 1973 ladder rack patent and that Barrineau might be engaging in unfair competition by marketing a device (Shelf 2) similar to that he invented (Shelf 1) while employed by L&P. Apparently in the hope of silencing such charges, Compact Van filed a claim in the United States District Court for the Northern District of Georgia in May 1976, in which it sought declaratory judgment against any patent infringement charge based on the 1973 ladder rack patent. L&P

counterclaimed against Compact Van and Barrineau for patent infringement and unfair competition.

In connection with its unfair competition counterclaim, L&P urged that Barrineau's filing and subsequent cancellation of Claims 11–20 constituted an abandonment of these broader claims. They argued that if a patent were to issue on the narrower Claims 11–16, all features not covered in those narrower claims would become unpatentable, since established patent law generally treats abandoned claims as dedicated to the public. 2 A. W. Deller, Walker on Patents § 138 (2d ed. 1964). Hence, L&P argued, Barrineau's prosecution of a patent on the narrower claims could mean that L&P would lose all right to patent Shelf 1, which arguably was covered by the abandoned Claims 11–20.

On this basis, L&P requested a preliminary injunction to restore Claims 11–20 to Barrineau's patent application and to permit L&P's attorneys to prosecute the restored claims. The district court granted the preliminary injunction, and Barrineau appeals.

 A preliminary injunction may be issued to protect the moving party from irreparable injury and to preserve the power of the trial court to render a meaningful decision on the merits. *Canal Authority of State of Florida v. Callaway,* 489 F.2d 567, 572 (5th Cir. 1974). The grant of a preliminary injunction lies within the discretion of the district court, and its decision will be overturned only for abuse of discretion. *See, e. g., State of Texas v. Seatrain International, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975); *Canal Authority of State of Florida v. Callaway, supra* ; *DiGiorgio v. Causey,* 488 F.2d 527, 528 (5th Cir. 1973); *Johnson v. Radford,* 449 F.2d 115, 116 (5th Cir. 1971). Nevertheless, a preliminary injunction is an extraordinary remedy, and the boundaries within which the district court must exercise its discretion are well marked. In every case the district court must find that

the moving party has satisfied four prerequisites for this remedy. These are: (1) a substantial likelihood that the movant will ultimately prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if it is issued, would not be adverse to the public interest. *See Seatrain, supra* at 179, and cases cited therein.

 Appellants Barrineau and Compact Van argue that the present preliminary injunction satisfied none of these criteria. Their first objection is that the district court used the wrong test in assessing the probability of success on the merits, insofar as the injunction was based merely on a finding that the movant had raised a "substantial issue" on which it had a "more than negligible chance of success." Under ordinary circumstances a preliminary injunction has the effect of temporarily treating a lawsuit as settled in favor of the moving party, and a merely "more than negligible chance of success" on the merits is insufficient. But here the movant's objective is only to preserve the property or subject matter of the lawsuit; L&P seeks not to have the merits decided temporarily in its favor but only to preserve the opportunity to litigate the merits at a later time.[1] The original patent Claims 11–20 might be lost permanently unless restored to Barrineau's patent application, and without a preliminary injunction L&P's right to litigate its entitlement to those claims would be permanently lost. It was to this danger—the loss of any opportunity to litigate ownership of Claims 11–20—that the preliminary injunction was directed. We find no abuse of discretion in the grant of such a protective preliminary injunction, where the district court concluded that the movant actually had a claim—one that he was enti-

---

1. The preliminary injunction in fact transfers no property to L&P but rather leaves the amended patent application in Barrineau's name.

tled to litigate—on the threatened subject matter of the dispute.

From the above, we cannot agree with the appellants' argument that the second criterion—a showing of irreparable injury—was lacking in the district court's order. The district court agreed with L&P that L&P's interest in Claims 11–20 might be mooted if Barrineau were allowed to prosecute the narrower Claims 11–16 alone, leaving Claims 11–20 to revert to the public domain. We agree with the district court that this was an adequate ground on which to base a finding of irreparable injury.

Appellants argue, third, that there was no showing that the potential damage to the movant outweighed the potential damage to themselves. They particularly stress that the addition of Claims 11–20 may give L&P an unwarranted entitlement to Shelf 2, the invention disclosed in the narrow Claims 11–16. They say that if L&P can establish a right to the Shelf 2 invention, then the narrow patent on this invention may be assigned to L&P after trial on the merits of its unfair competition charge; but if the preliminary injunction sets the scope of the property at issue on the basis of the broader Claims 11–20, L&P may be able to assert ownership in Shelf 2 simply because the broader claims arguably cover both its own Shelf 1, as well as the later Shelf 2 invention. Hence, they say, the preliminary injunction, by setting the scope of the property at the broader claims, gives L&P a distinct advantage and in effect may settle the merits of the lawsuit against the appellants.

While this argument carries considerable force, it underestimates the equitable powers of the district court. The appellants assume that the preliminary injunction will permanently fix the scope and disposition of the property at trial on the merits and that either the appellants or L&P will be awarded undivided ownership of all that is disclosed under the broad Claims 11–20. This need not be. After hearing the merits, the district court may conclude the litigation in several ways. It may, of course, award ownership of the patent on the broad Claims 11–20 to appellants. On the other hand, it may award ownership to L&P and direct assignment of the patent. But it may also dispose of the property in less Draconian ways. If appropriate, it may direct L&P to prosecute Claims 11–20 disclosing Shelf 1 while appellants reinstate Claims 11–16, leaving it to the patent office to sort out priorities through an interference proceeding. Or it may issue orders placing ownership of the broad patent claims in L&P but with directions to license appellants to manufacture and sell Shelf 2, as that device is disclosed under the narrow Claims 11–16. In short, the preliminary injunction does not require the district court to come to an all-or-nothing determination about the various property ownership rights asserted here, and thus appellants' case on the merits is not prejudiced by any unduly sweeping designation of the property at issue. The preliminary injunction does no more than to assure that all disputed property is held intact pending trial on the merits; it merely preserves for the district court the opportunity to arrive at a precise equitable remedy that will fairly allocate the rights of the claimants.

Finally, we find no merit in appellants' last contention—that the preliminary injunction was contrary to the public interest. We see no abuse of discretion in the district court's order.

AFFIRMED.