Alan G. HARDIN, Jr., et al.,
Plaintiffs-Appellants,

v.

The HOUSTON CHRONICLE PUBLISHING CO. et al., Defendants-Appellees.

Alan G. HARDIN, Jr., Plaintiff,

Luther E. Allred, Jr., et al.,
Plaintiffs-Appellants,

v.

HOUSTON CHRONICLE PUBLISHING CO. et al., Defendants-Appellees.

Nos. 77–1575, 77–2635.

United States Court of Appeals,
Fifth Circuit.

May 11, 1978.

Frank J. Knapp, James E. Crowther, Houston, Tex., for Houston Post.

Before WISDOM, THORNBERRY and RUBIN, Circuit Judges.

PER CURIAM:

These consolidated cases are two antitrust actions brought by independent newspaper distributors against the Houston Chronicle. In No. 77–1575, plaintiffs challenge the Chronicle's termination of their distributorship contracts, while in No. 77–2635 they attack the newspaper's change in its distribution system. In both cases the district court denied plaintiffs' applications for preliminary injunctions,[1] and this appeal followed. 28 U.S.C. § 1292(a)(1).

This court's review of a district court's grant or denial of a preliminary injunction is extremely narrow in scope. Such a grant or denial lies within the discretion of the district court, whose decision will be overturned only for abuse. A preliminary injunction is an extraordinary remedy, and the boundaries within which the district court must exercise its discretion are clearly marked. The court must find that the moving party has satisfied four prerequisites: (1) substantial likelihood that the movant will eventually prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest. The movant has the heavy burden of persuading the district court that all four elements are satisfied. Canal Authority v. Callaway, 489 F.2d 567 (5 Cir. 1974).[2]

Ben H. Schleider, Jr., Paul S. Francis, Houston, Tex., for plaintiffs-appellants.

W. Robert Brown, Charles H. Waters, Jr., Houston, Tex., for Houston Chronicle Pub. Co. et al.

1. The district court's memorandum opinions are reported at 426 F.Supp. 1114 (S.D.Tex. 1977) (No. 77–1575), and 434 F.Supp. 54 (S.D. Tex.1977) (No. 77–2635).

2. See also Compact Van Equipt. Co. v. Leggett & Platt, Inc., 566 F.2d 952 (5 Cir. 1978); Louisiana Consumer's League v. Louisiana State Board of Optometry Examiners, 557 F.2d 473 (5

The district court concluded that there was no showing of irreparable injury by the plaintiffs in No. 77–1575 and that plaintiffs had failed to meet any of the four prerequisites in No. 77–2635. Because we agree with the district court that plaintiffs have not demonstrated that they will suffer irreparable injury unless a preliminary injunction is granted, we find no abuse of discretion and affirm the district court's decision in both cases. As we said in *Callaway, supra,* 489 F.2d at 573, "only those injuries that cannot be redressed by the application of a judicial remedy after a hearing on the merits can properly justify a preliminary injunction." *See also Lamarca v. Miami Herald Publishing Co.,* 395 F.Supp. 324 (S.D.Fla.), *aff'd without published opinion,* 524 F.2d 1230 (5 Cir. 1975). Of course, we intimate no views whatsoever on the merits of either case.

AFFIRMED.

Cir. 1977); *Barrett v. Roberts,* 551 F.2d 662 (5 Cir. 1977); *Hillsboro News Co. v. City of Tampa,* 544 F.2d 860 (5 Cir. 1977); *State of Texas v.* *Seatrain International,* 518 F.2d 175 (5 Cir. 1975); *In re Fontainebleau Hotel Corp.,* 508 F.2d 1056 (5 Cir. 1975).