Michael J. KNOWLES, Plaintiff,

v.

Earl M. JOHNSON, et al., Defendants.

No. 83–1138–Civ–JKL.

United States District Court,
S. D. Florida.

June 11, 1982.

Michael J. Knowles, pro se.

Florida Board of Bar Examiners, for defendants.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

JAMES LAWRENCE KING, District Judge.

This cause came on before the Court upon the plaintiff's motion for a temporary restraining order and preliminary injunction to enjoin the defendants from further investigation into the plaintiff's background. In support of this motion, the plaintiff has submitted several affidavits [1] and a memorandum of law.

This action involves the alleged undue delay by the defendants in acting upon the plaintiff's application for admission to the Florida Bar. The plaintiff successfully sat for the Florida Bar exam in July of 1981. In March of 1982, he was asked by the Florida Board of Bar Examiners to appear for a hearing on his moral fitness, an element of admission to the Florida Bar. Plaintiff asserts that he has been asked to appear on June 12, 1982 for a second hearing on this matter. The injunctive relief sought by the plaintiff concerns this second hearing.[2]

The gravamen of the plaintiff's complaint is that the defendants' inaction has been racially motivated, violating the plaintiff's due process and equal protection rights secured by the 14th Amendment to the Con-

1. Affidavits of the following people were submitted to the Court in support of this motion: Michael Knowles, plaintiff; Harold C. Culmer, attorney at law; Jimmie Robinson, licensed real estate broker; Linnard Broom, Metro-Dade police officer; George Chavous, businessman; and Barnett Peltz, attorney at law.

2. The Court construes plaintiff's request "to enjoin the Defendants from further inquiry into

the Plaintiff's background" to specifically mean that the plaintiff wishes to enjoin the defendants from holding the June 12, 1982 hearing and any and all subsequent hearings that may be proposed. Otherwise, the Court is unclear as to what specific action the plaintiff is requesting under the circumstances to preclude further inquiry into the plaintiff's background.

stitution. The plaintiff, a black male, contends that the defendants' conduct has harmed not only himself but all others similarly situated.[3]

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of injunctions by federal courts. That rule contains certain procedural requirements regarding notice to the adverse party. The plaintiff appears to have fulfilled these requirements.

It is within this Court's discretion to grant a preliminary injunction. *Johnson v. Radford*, 449 F.2d 115 (5th Cir. 1978). The Court's discretion, however, is tempered by certain prerequisites for granting a preliminary injunction as set forth in the case of *Canal Authority of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974):

> "(1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest." 489 F.2d at 572. *See Also Shamloo v. Miss. State Bd. of Trustees, Etc.*, 620 F.2d 516 (5th Cir. 1980).

In considering these prerequisites, the Court is mindful that a preliminary injunction constitutes "an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion." *Canal Authority of Florida, supra*, 489 F.2d at 573.

### 1. A Substantial Likelihood That Plaintiff Will Prevail on the Merits

It is far from clear as to whether the plaintiff will succeed on the merits in the above-captioned cause. The plaintiff's charges are supported only by circumstantial evidence, primarily consisting of a one year delay on the part of the Florida Board of Bar Examiners in acting upon the plaintiff's application to the Florida Bar, and

two requests to plaintiff to appear at hearings on his moral fitness to practice law in the State of Florida. Without further substantiation, this Court cannot in good faith find that the plaintiff's explosive charges have a substantial likelihood of success on the merits.

Since plaintiff has not met one of the four essential prerequisites to the granting of a preliminary injunction, the Court need not proceed with further analysis of the requirements of such relief. The Court wishes to note, however, that the other prerequisites set forth in *Canal Authority of State of Florida, supra*, also arguably have not been met by the plaintiff herein.

### 2. A Substantial Threat of Irreparable Injury to Plaintiff

The granting of a preliminary injunction may in fact cause greater harm to the plaintiff than a denial. While granting the injunction would prevent further discriminatory practices if they exist, such action would also effectively prevent the Florida Board of Bar Examiners from concluding their inquiry into the plaintiff's moral character, thus leaving his application status in limbo. This consequence is antithetical to plaintiff's purported property rights in admission to the Florida Bar. In any event, the Court cannot find that the plaintiff's allegations—even if liberally construed—support a finding that the occurrence of a second hearing substantially threatens irreparable injury to the plaintiff.

### 3. Harm to Plaintiff vs. Harm to Defendant; Disserving the Public Interest

The Florida Bar of Board Examiners' is entrusted with the authority to determine the moral fitness of applicants for admission to the Florida Bar. While such authority may be abused, the interference with the admissions process through the issuance of an injunction supported only by the general allegations in this cause may have widespread adverse ramifications for out-

---

**3.** Plaintiff claims that this class of individuals includes more than 200 persons.

weighing the probable harm to the plaintiff in attending a second hearing.[4]

Based on the preceding analysis, the Court therefore concludes that a preliminary injunction is not warranted. For much of the same reasoning as expressed above, a temporary restraining order is similarly inappropriate. Thereupon, the Court:

ORDERS and ADJUDGES that the plaintiff's motion for a temporary restraining order and a preliminary injunction be, and the same is hereby, denied. The defendants shall answer or otherwise respond to the complaint within twenty (20) days after the service of summons and complaint upon them in accordance with the Federal Rules of Civil Procedure.

DONE and ORDERED in chambers at the United States Courthouse, Miami, Dade County, Florida, this 11th day of June, 1982.

---

**4.** The thrust of plaintiff's complaint lies in the underlying reasons for the defendants' delay in acting upon the plaintiffs application, not the specific request for a second hearing. Granting the requested injunctive relief, therefore, might not in fact protect the plaintiff from the harms alleged.