**Peter CHANG, Plaintiff,**

v.

**TENNESSEE VALLEY AUTHORITY, Defendant.**

**Nos. 3:99–MC–29, 3:99–MC–37.**

United States District Court,
E.D. Tennessee,
at Knoxville.

Jan. 21, 2000.

W. Thomas Dillard, Ritchie, Fels & Dillard, PC, Knoxville, TN, for Peter S. Chang, plaintiff.

Thomas F. Fine, Barbara S. Maxwell, Jane P. Farris, Tennessee Valley Authority, Office of General Counsel, Knoxville, TN, for Tennessee Valley Authority, defendant.

## ORDER

JARVIS, Chief Judge.

These cases are presently before the court on the Reports and Recommendations [Docs. 18 and 16, respectively] filed by the Honorable Robert P. Murrian, United States Magistrate Judge, on December 22, 1999. There have been no timely objections filed to these R & Rs. *See* 28 U.S.C. § 636(b)(1); *see also* Rule 72(b), Federal Rules of Civil Procedure.

After a careful review of these matters, the court is in complete agreement with Judge Murrian's analysis of the issues surrounding the subpoenas in question. Accordingly, the R & Rs are hereby ACCEPTED IN WHOLE whereby Mr. Chang's motions to prevent access to financial records and to quash administrative subpoenas [Docs. 1] and his motions for injunctive relief [Docs. 11 and 9, respectively] be, and the same hereby are, DENIED in their entirety. Furthermore, as directed by Judge Murrian, Mr. Chang's responses need not be filed under seal.

## REPORT AND RECOMMENDATION

MURRIAN, United States Magistrate Judge.

These cases have been referred to the undersigned for consideration of Mr. Chang's motions to prevent access to financial records, to quash administrative subpoena and his motions for injunctive relief,[1] attorney's fees and costs pursuant to 12 U.S.C. § 3418 [Docs. 1, 10 and 11 in 3:99–MC–29, Docs. 1 and 9 in 3:99–MC–37].

### I. *Case 3:99–MC–29*

After Mr. Chang refused to authorize disclosure of his financial records pursuant to 12 U.S.C. §§ 3402(1) and 3404, subpoena 99–27F and a notice pursuant to 12 U.S.C. § 3405 were issued by TVA's Inspector General's Office on July 29, 1999. That subpoena was issued to the Tennessee Valley Federal Credit Union and stated as follows:

YOU ARE HEREBY COMMANDED TO PROVIDE DOCUMENTS TO Herbert E.M. Berl, Special Agent, an official of the Office of the Inspector General, Tennessee Valley Authority, at 400 West Summit Hill Drive in the city of Knoxville and state of Tennessee on the 12th day of August 1999 at 4 p.m. of that day, in connection with an investigation conducted pursuant to the Inspector General Act of 1978, as amended. And you are hereby required to produce all records relative to all accounts (including account number 152490) under the signature control of Peter S. Chang (social security number 237–94–0696) for the period January 1, 1998 through December 31, 1998. These records shall include, but not be limited to, signature cards, bank statements, deposit slips with deposit items, canceled checks, cash withdrawal slips, wire transfers, cashier checks, and certified checks.

The notice was sent to Mr. Chang and his wife by TVA in a letter dated July 30, 1999.[2] The notice enclosed a copy of the subpoena, a statement of customer rights under the Right to Financial Privacy Act of 1978, 12 U.S.C. §§ 3401–3422 ("FPA"), a form motion, a sworn statement form and a certificate of service. The instructions advised that the Changs could use the forms to file a motion in federal court in Knoxville or Chattanooga objecting to the subpoena on the grounds that the records sought "are not relevant to the legitimate law enforcement inquiry **stated in this notice** or any other legal basis for objecting to the release of the records." (emphasis added). The notice warned that unless the procedures outlined for objecting were followed, the information would be made available to the TVA Inspector General upon expiration of ten days from the date of service or 14 days from the date of the mailing of the notice.

On August 5, 1999, Mr. Chang, through counsel, moved for an order prohibiting the Inspector General from having access to the records. The movant argued that TVA had not substantially complied with the FPA. 12 U.S.C. § 3410(a)(2).

The government may obtain financial records such as those in question here only if—

(1) there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry;

(2) a copy of the subpoena or summons has been served upon the customer or mailed to his last known address on or before the date on which the subpoena or summons was served on the financial institution together with the following notice which **shall state with reason-**

---

1. Since the injunctive relief is sought and the parties have not consented to magistrate judge jurisdiction pursuant to Fed.R.Civ.P. 73, these cases have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).

2. The contents of the notice are prescribed by 12 U.S.C. § 3405.

able specificity the nature of the law enforcement inquiry:

12 U.S.C. § 3405 (emphasis added).

Mr. Chang challenged the subpoena on the ground that neither it nor the notice accompanying it stated any legitimate law enforcement inquiry [Doc. 2 in 3:99–MC–29]. The matter was referred to the undersigned and I quashed the subpoena on the ground that TVA had not responded to the motion in a timely manner. Local Rules 7.1 and 7.2, EDTN [Doc. 4 in 3:99–MC–29]. TVA immediately moved to set aside that order on the ground that the FPA required the court to first determine that Mr. Chang had complied with 12 U.S.C. § 3410(a) and order TVA to file a sworn response before TVA had any obligation to respond. The order was vacated and TVA was ordered "to file a sworn response, in camera if the reasons are appropriate, within ten (10) days of entry of [the] order." [Doc. 7 in 3:99–MC–29].

TVA then responded by brief and the affidavit of G. Donald Hickman [Docs. 8 and 9 in 3:99–MC–29]. Mr. Hickman's title is "Assistant Inspector General for Investigations." His affidavit spreads on the public record fairly explicit statements concerning potential criminal activity on the part of Mr. Chang. See Affidavit of Mr. Hickman at ¶¶ 6–10 [Doc. 9 in 3:99–MC–29].

Mr. Chang concedes, as he must, that TVA finally has complied with the requirement that he be given notice "with reasonable specificity [of] the nature of the law enforcement inquiry." 12 U.S.C. § 3405(2). The net result, and the source of Mr. Chang's complaint herein, is that TVA has made part of the public record matters that are under criminal investigation. If the original notice had complied with 12 U.S.C. § 3405(2), there would have been no public revelation of the nature of the ongoing criminal investigation, Mr. Chang would not have had to hire a lawyer to determine his rights under the law and Mr. Chang contends that he would not have suffered irreparable injury to his personal and professional reputation.

He argues that, at the very least, the Hickman affidavit should have been filed in camera, as 12 U.S.C. § 3410(b) allows, or under seal. Cf. Fed.R.Cr.P. 6(e) (grand jury secrecy).

TVA's response to Mr. Chang's motion for injunctive relief includes the affidavit of Herbert E.M. Berl, Special Agent, Office of the TVA Inspector General [Docs. 15, 16 in 3:99–MC–29]. The clear import of TVA's response is that Mr. Chang knew why TVA was investigating him, knew why his financial records were being sought from the Tennessee Valley Federal Credit Union and knew it was likely that his financial records would be subpoenaed. TVA argues at one point that "had the OIG put more information in its subpoena, [Mr. Chang] could have argued that the OIG was exposing him to unnecessary injury to his reputation."

■ The FPA does not require that the subpoena contain information about the nature of the law enforcement inquiry, however. It is the **notice** which is sent to the bank customer which must state with reasonable specificity the nature of the law enforcement inquiry. 12 U.S.C. § 3405(2). Hunt v. U.S. Securities & Exchange Commission, 520 F.Supp. 580, 603 (N.D.Tx. 1981); but see Breakey v. Inspector General, 836 F.Supp. 422, 425 (E.D.Mich.1993) (interpreting section 3405(2) as requiring the subpoena to state with reasonable specificity the nature of the law enforcement inquiry). Thus, if the notice (and not the subpoena) sent to Mr. Chang contained an adequate disclosure of the nature of the law enforcement inquiry and had he chosen not to challenge the subpoena, the credit union would not have known what the investigation was about (it had no need to know) and there would have been no need for TVA to make any further disclosure to anyone as to what the criminal investigation involved.

At oral argument, counsel for TVA argued that the subpoena and notice contained an adequate disclosure of the nature of the law enforcement inquiry since they

stated that the subpoena was issued "in connection with an investigation conducted pursuant to the Inspector General Act of 1978, as amended." As indicated earlier, it is the disclosure of the nature of the law enforcement inquiry made in the **notice** to the customer that is important—not any such disclosure in the subpoena. In any event, in this case the notice given Mr. Chang contained the same disclosure as was contained in the subpoena.

 Counsel for TVA conceded that **any** TVA investigation into potential criminal activity by one of its employees would be conducted pursuant to the Inspector General Act of 1978, as amended. Thus, a "disclosure" that TVA is investigating someone "in connection with an investigation conducted pursuant to the Inspector General Act of 1978, as amended" is not reasonably specific at all and does not comply with section 3405(2). *Hunt v. Securities & Exchange Commission*, 520 F.Supp. at 603 (mere recitation of the government authority's statutory jurisdiction to investigate does not comply with the FPA). For example, it would have been easy enough for TVA to structure the notice so as to add after the word "purpose" in section 3405(2) the following: (1) potential violation of criminal law in connection with possible disclosure of confidential information gained in the course of performing your duties, and (2) potential criminal violation of the law by possibly converting TVA funds to your personal use.

From the foregoing, it is clear that the notice issued in connection with the first subpoena was deficient because it did not state with reasonable specificity the nature of the law enforcement inquiry. Mr. Chang therefore had grounds to challenge the subpoena as not having been issued in substantial compliance with the FPA. 12 U.S.A. § 3410(a)(2).

 The parties agree that the deficiency has now been cured by TVA's subsequent disclosures. Mr. Chang still seeks injunctive relief and costs, including attorney's fees, pursuant to 12 U.S.C. § 3418.[3]

There are several reasons why the undersigned finds that injunctive relief is not necessary or appropriate in this action.

First of all, I am confident that TVA will comply with the law in the future. If it does not, then injunctive relief, costs, including attorney's fees, should be awarded against it.[4] The failure of the customer notice to state with reasonable specificity the nature of the law enforcement inquiry was a "technical" defect since Mr. Chang knew full well why TVA was investigating him. *Hunt v. U.S. Securities & Exchange Commission*, 520 F.Supp. at 604. I do not find that Mr. Chang will be irreparably harmed if injunctive relief is not granted. *See Compact Van Equip. Co. v. Leggett & Platt, Inc.*, 566 F.2d 952, 954 (5th Cir.1978) (movant must demonstrate, *inter alia*, irreparable harm in order to be entitled to injunctive relief). There has been no showing that TVA acted in reckless disregard of Mr. Chang's rights. *See Hunt v. Securities & Exchange Commission*, 520 F.Supp. at 609. TVA makes a valid point that the investigation is no secret anyway since TVA management received an e-mail from a third party which complained that Mr. Chang was disclosing proprietary in-

---

**3.** That statute provides:
> In addition to any other remedy contained in this chapter, injunctive relief shall be available to require that the procedures of this chapter are complied with. In the event of any successful action, costs together with reasonable attorney's fees as determined by the court may be recovered.

**4.** Thomas F. Fine, Esq., Assistant General Counsel for TVA, agreed that TVA would, in the future, follow the undersigned's suggestion and move to file any necessary sworn responses under seal pursuant to Local Rule 26.4, EDTN, even if TVA determined that some or all of the response need not be filed *in camera*. This will protect the personal and professional reputation of the person being investigated as well as helping to provide him or her with a fair trial if charges are filed. The use of *in camera* filings should be restricted to situations in which TVA believes it necessary to make an *ex parte* disclosure to the court in order to protect the integrity of an ongoing investigation.

formation of a TVA contractor to the contractor's competitors. Exhibit 4 to the Affidavit of Herbert E.M. Berl [Doc. 16]. The e-mail was widely distributed to individuals in the state and federal government.

■ The doctrine of "prudential mootness" holds that in cases against the government, the court may decline to issue an injunction where the government's actions are not likely to be repeated. *See Building and Construction Dept. v. Rockwell International Corp.*, 7 F.3d 1487, 1492 (10th Cir.1993); *McDonough v. Widnall*, 891 F.Supp. 1439, 1450 (D.Col.1995).

I do not find that injunctive relief is necessary in this case. TVA is now advised that its notice to customers issued pursuant to 12 U.S.C. § 3405 must contain reasonably specific information about the nature of the law enforcement inquiry and that necessarily means telling the customer more than the investigation is being conducted "pursuant to the Inspector General Act of 1978, as amended." I am confident that TVA will comply in the future. If, for some reason, TVA continues the practice ruled non-complying herein, then injunctive relief and costs, including reasonable attorney's fees, would be forthcoming against it.[5]

## II. *Case 3:99–MC–37*

Subpoena 99–41F and notice were issued by TVA's OIG on or about September 10, 1999. The subpoena was also addressed to the Tennessee Valley Federal Credit Union in Chattanooga. The subpoena seeks the same financial records but for a greater period of time.

Mr. Chang challenged subpoena 99–41F on the same ground as he challenged subpoena 99–27F. The matter was referred to the undersigned [Doc. 4]. TVA was ordered to file a sworn response pursuant to 12 U.S.C. § 3410(b) [Doc. 6]. TVA did so [Docs. 7 and 8]. Thereafter, this case followed the same course as 3:99–MC–29.

Mr. Chang argues that TVA's issuance of the second subpoena and notice with the same defect as the first when the legality of the first was being challenged in this court is a sure sign that TVA will comply with law only if enjoined.

I respectfully disagree with regard to both subpoenas, the violation of the FPA was a "technical" one under the facts of this case and certainly there has been no reckless indifference to Mr. Chang's rights under the FPA.

### III. *Recommendation*

For the reasons stated, it is **RECOMMENDED** that Mr. Chang's motions to prevent access to financial records and to quash the administrative subpoenas be **DENIED** and that his motions for injunctive relief likewise be **DENIED**.[6] The responses presently in the court files need not be sealed.

December 22, 1999.

---

5. If an officer or employee willfully or intentionally violates the FPA, that person can be disciplined. 12 U.S.C. § 3417(b). TVA is now on notice what its notices to customers must contain and failure to comply could expose the responsible TVA employee to disciplinary action.

6. Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir.1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir.1987).