601 F.2d 199
 FLORIDA MEDICAL ASSOCIATION, INC., a Florida Corporation, et al.,
Plaintiffs-Appellees, American Medical Association, on
behalf of its members, et al., Intervenors-Appellees,
v.
U. S. DEPARTMENT OF HEALTH, EDUCATION AND WELFARE, et al.,
Defendants-Appellants.
 No. 78-2910.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 23, 1979.
 
 Leonard Schaitman, Terrence G. Jackson, Linda M. Cole, Appellate Staff, Civil Division, U. S. Dept. of Justice, Washington, D. C., for defendants-appellants.
 Mahoney, Hadlow & Adams, Peter L. Dearing, Stephen D. Lobrano, William H. Adams, III, Jacksonville, Fla., for Fla. Medical Assn., Inc.
 Fazio, Dawson & Thompson, Ft. Lauderdale, Fla., Jack R. Bierig, Newton N. Minow, Betty Jane Anderson, Chicago, Ill., for plaintiffs-appellees.
 Appeal from the United States District Court for the Middle District of Florida.
 Before GOLDBERG, FAY and RUBIN, Circuit Judges.
 FAY, Circuit Judge:
 
 
 1
 On March 30, 1978, the Florida Medical Association and six individual physicians, on behalf of all Florida physicians whose patients were beneficiaries of the Medicare program in 1977, brought a class action suit against the Department of Health, Education and Welfare to enjoin publication of a list which identifies by name every physician in the United States who treated Medicare beneficiaries in 1977, and states the amount of income he or she received from the program in that year. Plaintiffs alleged, Inter alia, that publication of the list would violate the Freedom of Information Act, 5 U.S.C. § 552 (1976); the Privacy Act, 5 U.S.C. § 552a (1976); and their right to privacy protected by the First, Fifth and Ninth Amendments to the Constitution.
 
 
 2
 On April 21, 1978, the United States District Court for the Middle District of Florida referred the case to a special magistrate who held a hearing on plaintiffs' application for preliminary relief. On April 28, 1978, the district court issued a temporary restraining order prohibiting HEW and Secretary Califano from disclosing the list. This temporary restraining order was extended several times upon agreement of all parties to the lawsuit. On June 2, 1978, the parties stipulated that they had "no further evidence to offer on the question of permanent relief" and requested that pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure, the court enter a final judgment without further hearing.
 
 
 3
 On June 7, 1978, the American Medical Association and five individual physicians applied for leave to intervene as parties plaintiff. The district court granted the application and recertified the class of plaintiffs to include all physicians who practice in the United States and receive income from Medicare. In addition, on June 18th the court issued a temporary restraining order in favor of the intervenors. With one ten-day extension, the temporary restraining order was due to expire on July 10, 1978.
 
 
 4
 On July 11, 1978, the district court issued an "ancillary writ of injunction," restraining HEW and Secretary Califano from disclosing the list.[1] Florida Medical Association v. Department of Health, Education and Welfare, 454 F.Supp. 326 (M.D.Fla.1978). This unusual writ was warranted, the district court reasoned, because the parties had submitted all their evidence on the merits and the court was not prepared to make the usual preliminary assessment of the merits. Florida Medical Association v. Department of Health, Education and Welfare, 454 F.Supp. 326, 335 (M.D.Fla.1978). The impending irreparable injury of mootness caused by disclosure of the list was, the court noted, "compelling." Id.
 
 
 5
 The district court purported to draw its power to issue the writ from two sources. First, the court relied on the principle of "ancillary jurisdiction," concluding that publication would destroy the subject matter jurisdiction of the court by mooting the controversy, and noting that issuance of the writ would ensure that the action would not be frustrated. In addition to ancillary jurisdiction, the court drew on its power under the All Writs Act to issue all writs necessary or appropriate in aid of its jurisdiction, 28 U.S.C. § 1651 (1976), and concluded that failure to issue injunctive relief would "stultify the existence of the Court's federal question subject matter jurisdiction to review the HEW secretary's proposed conduct . . . ." 454 F.Supp. at 333. Perhaps more simply stated, the district court, sensitive to the exigencies of the moment, fashioned its own procedural animal in order to more harmoniously meet its immediate purpose.
 
 
 6
 With few exceptions, the Federal Rules of Civil Procedure provide the procedures to be followed in United States district courts. F.R.C.P. Rule 1. Rule 65 covers temporary restraining orders and preliminary injunctions. It provides for the granting of one Ex parte temporary restraining order, with only one ten-day extension available against an unconsenting party. If, after the expiration of the temporary restraining order, further restraint is mandated, preliminary injunctive relief is the appropriate avenue upon which to proceed.
 
 
 7
 Neither the doctrine of ancillary jurisdiction nor the All Writs Act empower a district court to abandon the Rules whenever they prove procedurally inconvenient. Ancillary jurisdiction contemplates two proceedings and is a limited exception to the rule that federal district courts have only such jurisdiction as is provided by the Constitution or by statute. Kleban Engineering Corp. v. Caldwell, 490 F.2d 800, 802 (5th Cir. 1974). Briefly stated, the doctrine may be employed by a federal court to obtain jurisdiction of a matter over which the court would not otherwise have jurisdiction where there is a "tight nexus" between that matter and a subject matter properly in federal court. Id. Issuance of an "ancillary writ of injunction" is simply not ancillary to a suit which was brought for the sole purpose of obtaining injunctive relief. Thus, application of the doctrine in this case is inappropriate, and cannot be used to avoid the clear charge of the Rules.
 
 
 8
 Similarly, the All Writs Act does not free a district court from the restraints of Rule 65. The statute authorizes federal district courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a) (1976). While the All Writs Act empowers a district court to fashion extraordinary remedies when the need arises, it does not authorize a district court to promulgate an Ad hoc procedural code whenever compliance with the Rules proves inconvenient. While publication of the list would appear to moot the controversy, Rule 65 provides sufficient protection for the jurisdiction of the district court.
 
 
 9
 Appellees ask us to sustain this writ as a De facto preliminary injunction. The "ancillary writ of injunction" issued in this case bars the Secretary and HEW from disclosing the list for an indefinite period of time. Thus, the writ confers the same legal rights upon plaintiffs and imposes the same legal duties upon defendants as would a preliminary injunction. A preliminary injunction, however, must be the product of reasoned application of the four factors held to be necessary prerequisites before a preliminary injunction may be obtained. Hardin v. Houston Chronicle Publishing Co., 572 F.2d 1106, 1107 (5th Cir. 1978). One of these factors, the substantial likelihood that movant will eventually prevail on the merits, received no consideration in the district court's order granting this ancillary writ.[2] Rather, the court noted that the stipulation of June 2, coupled with the rapidly approaching expiration of the temporary restraining order, would make any consideration of the merits "inappropriate." In the absence of any consideration of the merits of appellees' claims, we refuse to review this writ as if it had been a legitimate and properly issued preliminary injunction.[3]
 
 
 10
 In conclusion, we find no authority for the issuance of the "ancillary writ of injunction" and, in light of the availability of sufficient and appropriate procedures for protecting the district court's jurisdiction provided in the Rules, we refuse to uphold the issuance of the writ. In addition, we refuse to consider this writ as a De facto preliminary injunction since the district court specifically refused to order a preliminary injunction and consideration of one of the four prerequisite factors was entirely absent. We therefore vacate the writ and remand this action and instruct the district judge to give this matter his immediate attention, acting in accordance with the Federal Rules of Civil Procedure and in compliance with the time limitations therein.[4]
 
 
 11
 Vacated and Remanded.
 
 
 
 [1]
 Defendant moved to vacate the writ. This motion was denied by the district court. In addition to denying the motion, the district court specifically refused to enter a preliminary injunction
 
 
 [2]
 We recognize that finding a "substantial likelihood that movant will ultimately prevail on the merits" does not contemplate a finding of fixed quantitative value. Rather, a sliding scale can be employed, balancing the hardships associated with the issuance or denial of a preliminary injunction with the degree of likelihood of success on the merits. State of Texas v. Seatrain International, S. A., 518 F.2d 175, 180 (5th Cir. 1975); Siff v. State Democratic Executive Committee, 500 F.2d 1307 (5th Cir. 1974)
 Technically, of course, the four oft-mentioned prerequisites are only the most important considerations, and the traditional formulation of the rule is in no way meant to exclude consideration of other relevant factors. See Wright & Miller, Federal Practice and Procedure: Civil § 2948. Rather, the four prerequisites represent the minimal factors which must be addressed by the court before a preliminary injunction may be issued.
 
 
 [3]
 We do not overlook the fact that the district court, in its order denying defendants' motion to vacate and dissolve the "ancillary writ of injunction," noted that it
 "would not exercise its equitable authority to issue an ancillary writ of injunction, preventing the disappearance of the Court's subject matter jurisdiction through immediate mootness of the issues in this case, if the Court believed that plaintiffs had no chance of success whatever on the merits of those complicated issues."
 This finding is not responsive to the trial judge's duty to determine the likelihood of plaintiffs' success on the merits. Merely finding that there is more likelihood than "no chance" is not sufficient to sustain the granting of a preliminary injunction. Cf. Compact Van Equipment Co., Inc. v. Leggett & Platt, Inc., 566 F.2d 952 (5th Cir. 1978) (merely "more than negligible chance of success" on the merits is insufficient for the issuance of a preliminary injunction).
 
 
 [4]
 The Court notes that counsel for the United States has agreed at oral argument that the Department of Health, Education and Welfare will not publish the list of physicians until the district court acts, assuming an appropriate ruling is made within 30 days of the issuance of our mandate