**[PUBLISH]**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-11556
_____

D.C. Docket No. CV-05-00530-T

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**March 23, 2005**
**THOMAS K. KAHN**
**CLERK**

THERESA MARIE SCHINDLER SCHIAVO,
incapacitated ex rel, Robert Schindler and
Mary Schindler, her parents and next friends,

Plaintiffs-Appellants,

versus

MICHAEL SCHIAVO,
as guardian of the person of
Theresa Marie Schindler Schiavo, incapacitated,
JUDGE GEORGE W. GREER,
THE HOSPICE OF THE FLORIDA SUNCOAST, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

ON PETITION FOR EXPEDITED REHEARING EN BANC
(Opinion March 23, 2005)

Before EDMONDSON, Chief Judge, TJOFLAT, ANDERSON, BIRCH, DUBINA, BLACK, CARNES, BARKETT, HULL, MARCUS, WILSON, and PRYOR, Circuit Judges.


O R D E R:

The Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 35-5), the Suggestion of Rehearing En Banc is DENIED.


/s/ J. L. Edmondson
CHIEF JUDGE

TJOFLAT, Circuit Judge, dissenting from the denial of rehearing en banc:

The All Writs Act, 28 U.S.C. § 1651(a), authorizes us to "issue all writs necessary or appropriate in aid of [our] jurisdiction[]." "Regarding pending proceedings, a court may enjoin any conduct 'which, left unchecked, would have . . . the practical effect of diminishing the court's power to bring the litigation to a natural conclusion." Klay v. United Healthcare Group, Inc., 376 F.3d 1092, 1102 (11th Cir. 2004) (quoting ITT Community Development Corp. v. Barton, 569 F.2d 1351, 1359 (5th Cir. 1978)[1]).

We have jurisdiction in this case. See Pub. L. No. 109-3 (March 21, 2005). A district court's denial of a motion for a preliminary injunction, as well as an appellate decision affirming such an order, ordinarily contemplate that there will be further proceedings on the question whether to grant a permanent injunction. In this case, however, if we do not enter an injunction, further proceedings will be moot, i.e., we will lose jurisdiction. It is, therefore, clear that the discretion conferred by the All Writs Act permits us to enter whatever orders are necessary to preserve our jurisdiction and thereby bring this litigation "to a natural conclusion." Accordingly, I think the panel erred in denying emergency relief under the All

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

Writs Act.[2]

The panel holds that the All Writs Act is not available "where the relief sought is in essence a preliminary injunction."  For this proposition, it relies on Florida Medical Association v. U.S. Department of Health, Education & Welfare, 601 F.2d 199 (5th Cir. 1979), and a footnote from Klay, supra, that simply explains Florida Medical Association's holding.  Although I agree that the All Writs Act cannot be used simply to circumvent the requirements for a preliminary injunction, I do not agree that Florida Medical Association applies to prevent the issuance of an injunction under the Act in every case in which a party has sought the same relief through a motion for an ordinary preliminary injunction.  In this case, we should enter an injunction under the All Writs Act not because doing so is necessary to avoid "irreparable injury," but rather because it is "necessary or appropriate in aid of [our] jurisdiction[]."  28 U.S.C. § 1651(a).

In Florida Medical Association,

> the [plaintiffs], on behalf of all Florida physicians whose patients were beneficiaries of the Medicare program in 1977, brought a class action suit against the Department of Health, Education and Welfare to enjoin publication of a list which identifies by name every

---

[2] I do not address the portion of the panel opinion that affirms the district court's denial of a preliminary injunction.  An injunction under the All Writs Act would by itself permit the district court to proceed to the merits of the case and a final decision granting or denying a permanent injunction.

4

physician in the United States who treated Medicare beneficiaries in 1977, and states the amount of income he or she received from the program in that year. Plaintiffs alleged . . . that publication of the list would violate the Freedom of Information Act, the Privacy Act, and their right to privacy protected by the First, Fifth and Ninth Amendments to the Constitution.

Florida Medical Association, 601 F.2d at 201 (citations omitted). Although the parties in the case had submitted all evidence on the merits of their claims, the district court was not yet ready to make a decision on their request to enter a preliminary injunction. Because the district court believed that publication of the list would render the claims moot, it simply enjoined publication of the list pending its decision on the motion for a preliminary injunction. In doing so, it relied in part on the All Writs Act. Id. at 201-02.

> We reversed and stated,
>
> While the All Writs Act empowers a district court to fashion extraordinary remedies when the need arises, it does not authorize a district court to promulgate an ad hoc procedural code whenever compliance with the [Federal Rules of Civil Procedure] proves inconvenient. While publication of the list would appear to moot the controversy, Rule 65 provides sufficient protection for the jurisdiction of the district court.

Id. at 202. We, therefore, vacated and remanded with instructions that the district judge give the motion for a preliminary injunction "his immediate attention." Id. at 203. We also noted that the defendant had agreed not to publish the list until

5

the district court ruled on the motion, assuming that the ruling was forthcoming within thirty days of the issuance of our mandate. Id. at 203 n.4

Recently, in Klay, we explained that "[t]he writ issued in Florida Medical Association was perhaps the textbook definition of a preliminary injunction—it was issued to preserve the status quo and prevent allegedly irreparable injury until the court had the opportunity to decide whether to issue a permanent injunction." Klay, 376 F.3d at 1101 n.13. We then stated that, "[a]t most, Florida Medical Association stands for the proposition that a court may not issue an order under the All Writs Act, circumventing the traditional requirements for a injunction, when a party is in reality seeking a 'traditional' injunction." Id.

Florida Medical Association is distinguishable from this case for two reasons. First, Florida Medical Association can be viewed as holding simply that district courts cannot use the All Writs Act simply to delay ruling on a motion for a preliminary injunction, i.e., to grant a sort of preliminary preliminary injunction. Indeed, we reasoned that the All Writs Act "does not authorize a district court to promulgate an ad hoc procedural code whenever compliance with the [Federal Rules of Civil Procedure] proves inconvenient." Florida Medical Association, 601 F.2d at 202. We also noted that the ordinary procedures for entertaining a motion for a preliminary injunction provided sufficient protection for the court's

6

jurisdiction.  Id.  In this case, in contrast, a preliminary injunction has been denied, and there will never be a hearing on a permanent injunction if we do not issue an injunction under the All Writs Act.

Second, the injunction issued in Florida Medical Association was, as Klay said, "perhaps the textbook definition of a preliminary injunction—it was issued to preserve the status quo and prevent allegedly irreparable injury until the court had the opportunity to decide whether to issue a permanent injunction." Klay, 376 F.3d at 1101 n.13.  Despite the fact that Florida Medical Association noted that "publication of the list would appear to moot the controversy," I find it difficult to believe that was truly the case, given the nature of the plaintiffs' claims.  Even if the list were published, it would seem that the doctors would still have an interest in its de-publication, or even a claim for damages resulting from constitutional violations.

Finally, if Florida Medical Association does stand for the proposition for which it is cited by the panel, I submit that it is wrong because it deprives of us of authority to preserve our jurisdiction that the All Writs Act expressly confers. Accordingly, we should grant rehearing en banc to overrule it.

WILSON, Circuit Judge, dissenting:

I dissent from the denial of rehearing *en banc* for the reasons stated in Judge Tjoflat's dissent, as well as the reasons already articulated in my dissent from the panel's decision.