**Theresa Marie Schindler SCHIAVO, Incapacitated ex rel., Robert SCHINDLER and Mary Schindler, her Parents and Next Friends, Plaintiffs,**

**v.**

**Michael SCHIAVO, as Guardian of the Person of Theresa Marie Schindler Schiavo, Incapacitated, Judge George W. Greer and The Hospice of the Florida Suncoast, Inc. Defendants.**

No. 8:05–CV–530–T–27TBM.

United States District Court,
M.D. Florida,
Tampa Division.

March 25, 2005.

David C. Gibbs, Gibbs Law Firm, Seminole, FL, George E. Tragos, Law Office of George E. Tragos, Clearwater, FL, Robert A. Destro, Columbus School of Law, Washington, DC, for Plaintiffs.

George J. Felos, Felos & Felos, P.A., Dunedin, FL, Iris Bennett, Robert M. Portman, Jenner & Block LLC, Thomas J. Perrelli, Jenner & Block, Washington, DC, Randall C. Marshall, American Civil Liberties Union Foundation of Florida, Inc., Miami, FL, Rebecca H. Steele, ACLU Foundation of Florida, Inc. West Central Florida Office, Gail Golman Holtzman, John W. Campbell, Constangy, Brooks & Smith, LLC, Robin G. Midulla, Robin Greiwe Midulla, P.A., Tampa, FL, for Defendants.

## *ORDER*

WHITTEMORE, District Judge.

**BEFORE THE COURT** is Plaintiffs' (First Amended) Motion for Temporary Restraining Order (Dkt. 34)[1] and Memorandum in Support (Dkt. 39).[2] After notice to the parties, the Court conducted a hearing on March 24, 2005. Upon careful consideration, Plaintiffs' motion (Dkt.34) is DENIED.

### *Applicable Standards*

A temporary restraining order protects against irreparable harm and preserves the status quo until a meaningful decision on the merits can be made. *Canal Auth. of State of Florida v. Callaway,* 489 F.2d 567, 572 (5th Cir.1974). This Court has previously determined and reaffirms that Plaintiffs have established that an irreparable harm will be suffered unless the injunction issues, the threatened injury outweighs any damage the proposed injunction could cause the opposing party and that an injunction would not be adverse to the interests of the public.

---

**1.** As to Defendant Judge George W. Greer, Plaintiffs' counsel confirmed at oral argument that Plaintiffs were not seeking injunctive relief as to Judge Greer in his official capacity.

**2.** Plaintiffs acknowledge that this Court's decision on the Emergency Motion Temporary

Restraining Order which was affirmed by the Eleventh Circuit, resolved all issues with respect to Counts One through Five. Accordingly, the only issue before the Court is the propriety of the injunctive relief requested in Counts Six through Ten.

■ Once again the critical issue is whether Plaintiffs have established a substantial likelihood of success on the merits on any one of Counts Six through Ten.[3] A substantial likelihood of success on the merits requires a showing of only *likely* or probable, rather than *certain* success. *Home Oil Company, Inc. v. Sam's East, Inc.*, 199 F.Supp.2d 1236, 1249 (M.D.Ala.2002)(*emphasis in original*). Where, as here, the "balance of the equities weighs heavily in favor of granting the [injunction]" the Plaintiffs need only show a "substantial case on the merits." *Garcia–Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir.1986). On careful consideration of each count, the Court concludes that Plaintiffs have not shown a substantial case on the merits.

### *Discussion*

Pursuant to Pub.L. No. 109–3 this court has jurisdiction "to hear, determine and render judgment" on the claims brought by Plaintiffs on behalf of Theresa Schiavo "for the alleged violation of any right of Theresa Marie Schiavo under the Constitution or laws of the United States related to the withholding or withdrawal of food, fluids or medical treatment necessary to sustain her life." This Court is to determine *de novo* Plaintiffs' asserted claims as set forth in Counts Six through Ten.

The court must determine whether Plaintiffs have shown a substantial case on the merits of any claim for purposes of temporary injunctive relief. Absent a showing of a deprivation of a constitutional right or violation of a federal law, the *sine qua non* of this Court's jurisdiction under Pub.L. No. 109–3, Plaintiffs cannot establish a substantial likelihood of success on the merits or even a substantial case on the merits.

### *–Count Six-*

### The Americans with Disabilities Act

In Count Six, Plaintiffs allege that the failure and refusal of Defendant Michael Schiavo to furnish Theresa Schiavo with necessary and appropriate therapy, rehabilitation services and essential medical services and his demand that she be deprived of food and water violate her rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.* (Dkt. 36, ¶ 83).

■ In pertinent part, the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under Title II of the ADA, a plaintiff must allege: (1) that she is a "qualified individual with a disability;" (2) that she was "excluded from participation in or ... denied the benefits of the services, programs, or activities of a public entity" or otherwise "discriminated [against] by such entity;" (3) "by reason of such disability." *Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir.2001). Assuming *arguendo* that Theresa Schiavo is a "qualified individual with a disability," Plaintiffs must show that Defendants Michael Schiavo and Hospice are "public entities" that discriminated against her "by reason of" her disability.

■ Contrary to Plaintiffs' argument, Michael Schiavo, as court appointed guardian for Theresa Schiavo, was not acting

---

**3.** The Act does not address the traditional requirements for temporary injunctive relief. Accordingly, these standards control whether temporary injunctive relief is warranted, notwithstanding Congress's intent that the federal courts determine *de novo* the merits of Theresa Schiavo's claimed constitutional deprivations. *Schiavo v. Schiavo*, —— F.2d ——, 2005 WL 648897 at *6 (11th Cir.2005).

under color of state law. *See Harvey v. Harvey*, 949 F.2d 1127, 1132–33 (11th Cir. 1992); *Kirtley v. Rainey*, 326 F.3d 1088, 1092–96 (9th Cir.2003). Moreover, Michael Schiavo cannot be a "public entity" under the ADA by virtue of the plain language of the statutory definition, which defines "public entity" as "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131. Accordingly, Plaintiffs cannot show a substantial likelihood of success on the merits against Michael Schiavo under the ADA.

■ As to Defendant Hospice, Plaintiffs contend that it is a "public entity" under the ADA because it accepts federal funding. Plaintiffs offer no authority, however, for their contention. Again, the term "public entity" means "... any state or local government." Simply put, Plaintiffs have not shown that the Hospice is a "public entity" under the ADA, an essential element of a Title II claim.

■ Plaintiffs contend in the alternative that Hospice is a "public accommodation" under the ADA. However, the definition "public accommodation" in the statute, 42 U.S.C. § 12181(7), does not include a facility such as Hospice. Moreover, even if it is assumed *arguendo* that Hospice falls within the definition of "public accommodation," Plaintiffs cannot show a substantial case on the merits against Hospice under the ADA because they have not shown that any alleged discrimination against Theresa Schiavo was by reason of a disability. In order to prevail under Title III of the ADA, a plaintiff generally has the burden of proving: (1) that she is an individual with a disability; (2) that defendant

is a place of public accommodation; and (3) that defendant denied her full and equal enjoyment of the goods, services, facilities or privileges offered by defendant (4) on the basis of her disability. *Larsen v. Carnival Corp., Inc.*, 242 F.Supp.2d 1333, 1342 (S.D.Fla.2003).

Plaintiffs have not shown that Hospice's compliance with the state judge's order to withhold nutrition and hydration constituted discrimination "on the basis of a disability." For example, it is undisputed that Hospice, when directed by the state court, cooperated in not only the removal of Theresa Schiavo's feeding tube but also its reinsertion.[4] Hospice's conduct therefore, must necessarily have been motivated by the Court's order, not any discriminatory animus toward Theresa Schiavo. For all of these reasons, Plaintiffs cannot establish a substantial likelihood of success on the merits or even a substantial case on the merits.

### –Count Seven–

### *The Rehabilitation Act of 1973*

In Count Seven, Plaintiffs allege that Hospice of Florida Sun Coast, Inc. violated Theresa Schiavo's right to rehabilitation under the Rehabilitation Act of 1973, § 504, *as amended*, 29 U.S.C. § 794. (Dkt. 36, ¶¶ 85–87).

■ The Rehabilitation Act of 1973 provides that "no otherwise qualified individual with a disability ... shall, *solely by reason of his or her disability* ... be subjected to discrimination under any program or activity receiving Federal financial assistance ...." 29 U.S.C. § 794(a) (*emphasis added*). The elements of a claim under the Rehabilitation Act are:

---

4. Plaintiffs reliance on the regulation at 28 C.F.R. § 35.130 is misplaced. That provision merely "clarifies that neither the ADA nor the regulation alters current Federal law ensuring the rights of incompetent individuals with disabilities to receive food, water, and medical treatment." Dept. Of Justice, Section–by–Section Analysis, 56 FR 35694 (July 26, 1991).

"(1) that [she] is a 'handicapped individual' under the Act, (2) that [she] is 'otherwise qualified' for the [benefit] sought, (3) that [she] was [discriminated against] solely by reason of [her] handicap, and (4) that the program or activity in question receives federal financial assistance." *Grzan v. Charter Hosp. of Northwest Indiana,* 104 F.3d 116, 119 (7th Cir.1997). The first and fourth elements are met as Theresa Schiavo is a handicapped individual and Hospice receives federal funds.

■ The second element requires that Theresa Schiavo be "otherwise qualified," which means that *absent her disability,* she would qualify for the treatment she is being denied. *Id.* at 120. The Rehabilitation Act is intended to ensure that handicapped individuals are not denied access to programs provided to non-handicapped persons. *Id.* at 121. Because of this intended statutory purpose, courts hold that " 'the otherwise qualified criteria . . . cannot be meaningfully applied to a medical treatment decision.' " *Id. (quoting United States v. Univ. Hosp. of State Univ. of New York at Stony Brook,* 729 F.2d 144, 156 (2d Cir.1984)). Theresa Schiavo is not "otherwise qualified" because she would not have any need for a feeding tube to deliver nutrition and hydration but for her medical condition.

Plaintiffs also cannot establish the third element. Hospice is not withholding nutrition and hydration "solely by reason of" Theresa Schiavo's medical condition, but rather because it is complying with a court order and the instructions of her guardian.

■ Finally, Plaintiffs' attempt to bring an action on Theresa Schiavo's behalf under the Rehabilitation Act for withholding nutrition and hydration fails as the Rehabilitation Act does not mandate the provision of services. *See Olmstead v. L.C. ex rel. Zimring,* 527 U.S. 581, 603 n. 14, 119 S.Ct. 2176, 144 L.Ed.2d 540 (1999) ("We do not in this opinion hold that the ADA imposes on the States a standard of care for whatever medical services they render, or that the ADA requires States to provide a certain level of benefits to individuals with disabilities.").

Plaintiffs accordingly have not established a substantial likelihood of success on the merits or a substantial case on the merits under the Rehabilitation Act of 1973.

### –Count Eight–

### *Violation of Fourteenth Amendment Due Process Right to Substituted Judgment Decision Based on a Clear and Convincing Evidence Standard*

Count Eight alleges that Theresa Schiavo's Fourteenth Amendment due process rights were violated in that the state court's order of February 11, 2000, authorizing the discontinuation of hydration and nutrition, "was not supported by clear and convincing evidence that Terri would have made the same decision." (Dkt. 36, ¶ 90). Plaintiffs contend that the state trial judge made a number of evidentiary errors in concluding that Theresa's intentions were established by clear and convincing evidence. Plaintiffs' counsel acknowledged during oral argument that Count Eight presents a procedural due process claim under the Fourteenth Amendment.

■ Plaintiffs contend, relying on *Cruzan v. Missouri Dep't of Health,* 497 U.S. 261, 110 S.Ct. 2841, 111 L.Ed.2d 224 (1990), that "the Due Process Clause of the Fourteenth Amendment *requires* that decisions to remove hydration and nutrition from an incapacitated person must be supported by clear and convincing evidence that the incapacitated person would have made the same decision." (Dkt. 36, ¶ 89)(*emphasis added*). Contrary to Plaintiffs' contention, the Supreme Court in *Cruzan* did not mandate application of the heightened clear and convincing evidence

standard. The question before the *Cruzan* court was whether the state's application of the heightened evidentiary standard overburdened the patient's right to refuse medical treatment, not whether it adequately protected the patient's right to life.

■ Given the holding in *Cruzan*, Plaintiffs cannot complain of a deprivation of Theresa Schiavo's Fourteenth Amendment procedural due process rights. The state court judge applied the heightened clear and convincing evidence standard in determining her intentions, as permitted by *Cruzan* and in accordance with *Fla. Stat.* § 765.401(3).[5] To the extent Plaintiffs complain that the quantum of evidence did not rise to the level of clear and convincing, these claimed evidentiary errors are a matter of state law, not federal constitutional law.

*–Count Nine–*

### Violation of Eighth Amendment Prohibition Against Cruel and Unusual Punishment

Count Nine of the Plaintiffs' Second Amended Complaint alleges that Defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment. Plaintiffs' assert that "Judge Greer and Michael Schiavo, as state actors, have vioated [sic] Terri Schiavo's Eighth Amendment rights by demonstrating a deliberate indifference to a know [sic], substantial risk of serious harm . . . ." (Dkt. 36, ¶ 101).

■ The Eighth Amendment, as applied to the states through the Fourteenth Amendment, prohibits the infliction of cruel and unusual punishment. *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1571 (11th Cir.1985). The Eighth Amendment's prohibition against cruel and unusual punishment only applies "subsequent to and as a consequence of a person's lawful conviction of a crime." *Id.* at 1572.

■ The Eighth Amendment is inapplicable to Theresa Schiavo because the state has not "obtained a formal adjudication of guilt." *Id.* at 1572 (*quoting Ingraham v. Wright*, 430 U.S. 651, 671–72, n. 40, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977)). Despite Plaintiffs' contentions, Theresa Schiavo is not being "detained" by the state at the Hospice. Finally, as the court has previously noted, Michael Schiavo and Judge Greer are not state actors. *See Kirtley*, 326 F.3d at 1092–96; *Harvey*, 949 F.2d at 1133–34; *Torres v. First State Bank of Sierra Cty.*, 588 F.2d 1322, 1326–27 (10th Cir.1978). For these reasons, Plaintiffs cannot establish a substantial likelihood of success on the merits or a substantial case on the merits on their Eighth Amendment claim.

*–Count Ten–*

### Violation of Fourteenth Amendment Right to Life

In Count Ten, Plaintiffs allege that "depriving Plaintiff of nutrition and hydration contrary to her wish to live is a violation of her Fourteenth Amendment right to life." (Dkt. 36, ¶ 104). As in Count Eight, Plaintiffs rely on the Fourteenth Amendment to the United States Constitution which provides that no state shall "deprive any person of life, liberty or property, without due process of law." During oral argument, Plaintiffs' counsel confirmed that Plaintiffs assert a substantive due process claim in

---

5. *Fla. Stat.* § 765.401(3) provides, in pertinent part:

    Before exercising the incapacitated patient's rights to select or decline healthcare, . . . a proxy's decision to withhold or with-

draw life-prolonging procedures must be supported by clear and convincing evidence that the decision would have been the one the patient would have chosen had the patient been competent.

Count Ten. The issue presented in Count Ten for purposes of temporary injunctive relief, is whether, consistent with the jurisdictional grant in Pub.L. No. 109–3, Plaintiffs have established a substantial likelihood of success on the merits of their contention.

 "A finding that a right merits substantive due process protection means that the right is protected against certain government actions regardless of the fairness of the procedures used to implement them." *McKinney v. Pate,* 20 F.3d 1550, 1556 (11th Cir.1994) (*citing Collins v. City of Harker Heights,* 503 U.S. 115, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992)) (*internal quotations and citations omitted*); *see also Zinermon v. Burch,* 494 U.S. 113, 125, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990)("the Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them' ").

As an initial matter, a substantive due process violation requires state action. *DeShaney v. Winnebago Cty. DSS,* 489 U.S. 189, 195, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989)("nothing in the language of the Due Process Clause itself requires the state to protect the life, liberty, and property of its citizens against invasion by private actors"). For the same reasons that Plaintiffs could not establish state action in their other claims, Plaintiffs have not established state action in Count Ten.

Substantive due process rights are those rights "created by the Constitution," of which "no amount of process can justify [their] infringement." *Vinyard v. Wilson,* 311 F.3d 1340, 1356 (11th Cir.2002). The plain language of the Fourteenth Amendment contemplates that a person *can* be deprived of life so long as due process of law is provided. XIV Amend., U.S. Const. ("[n]o State shall ... deprive any person of life ... without due process of law"). The

"right to life" is accordingly protected by Fourteenth Amendment procedural due process. *Cf. Cruzan,* 497 U.S. at 293, 110 S.Ct. 2841 (J. Scalia, concurring)("The text of the Due Process Clause does not protect individuals against deprivations of liberty *simpliciter.* It protects them against deprivations of liberty 'without due process of law' "). All of Plaintiffs' procedural due process claims have now been addressed and rejected by this court.

Accordingly, Plaintiffs cannot establish a substantial likelihood of success on the merits or a substantial case on the merits on their Fourteenth Amendment substantive due process claim.

### *All Writs Act, 28 U.S.C. § 1651*

 The Eleventh Circuit stated that "[o]ur decisions make clear that where the relief sought is in essence a preliminary injunction, the All Writs Act is not available because other, adequate remedies at law exist." *Schiavo v. Schiavo,* 403 F.3d 1223, 1229, 2005 WL 648897 at *4 (11th Cir.2005). Accordingly, the All Writs Act cannot be used here to "evade the requirements for preliminary injunctions." *Id.*

Plaintiffs (First Amended) Motion for Temporary Restraining Order (Dkt. 34) is **DENIED**.

Finally, the court would be remiss if it did not once again convey its appreciation for the difficulties and heartbreak the parties have endured throughout this lengthy process. The civility with which this delicate matter has been presented by counsel is a credit to their professionalism and dedication to their respective clients, and Terri.